UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HPC AMERICAS CONSULTING LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALPHAWAVE IP INC., et al.,<br><br>Defendants. | Case No. 24-cv-03761-EKL<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>Re: Dkt. Nos. 54, 58 |

Before the Court is Plaintiff HPC Americas Consulting LLC's motion for relief from the Court's Order and judgment dismissing the first amended complaint without leave to amend.  Mot. for Relief, ECF No. 54 ("Mot.").  Having carefully reviewed the papers and relevant authority, the Court finds this motion suitable for disposition without oral argument.[1]  Civil L.R. 7-1(b).  For the reasons discussed below, the Court GRANTS the motion in limited part but otherwise DENIES relief.

## I.      BACKGROUND[2]

In the operative first amended complaint, Plaintiff alleged that Defendant Alphawave IP Inc. ("Alphawave") breached a sales representative agreement ("Agreement") in which Plaintiff agreed to promote Alphawave's intellectual property to a target customer.  *See* First Am. Compl., ECF No. 43 ("FAC").  Plaintiff asserted claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Alphawave.  *Id*.  Plaintiff also asserted a claim for

---

[1] Plaintiff's motion to appear remotely at any hearing on this motion is terminated as moot.  ECF No. 58.

[2] The facts and procedural history of this case are well known to the parties, and they are discussed in greater detail in the Court's Order granting Defendants' motion to dismiss.  ECF No. 52 ("MTD Order").  Here, the Court summarizes only those facts that are necessary to provide context.

United States District Court
Northern District of California

recovery in quantum meruit against Alphawave and Defendants Alphawave Semi US Corp. and Alphawave Semi, Inc. ("Semi Defendants"), based on the same services contemplated in the Agreement. *Id*.

On November 7, 2024, the Court dismissed the original complaint with leave to amend. ECF No. 42. On December 5, 2024, Plaintiff filed an amended complaint. ECF No. 43. On December 19, 2024, Defendants moved to dismiss the amended complaint. ECF No. 44; *see also* ECF No. 45 (corrected version). On January 2, 2025, the deadline for Plaintiff to file an opposition, the parties filed a stipulation extending Plaintiff's opposition deadline to January 16, 2025. ECF No. 46; *see also* ECF No. 47 (granting stipulation). Plaintiff did not file an opposition to the motion to dismiss or request another extension before the extended deadline passed. On January 26, 2025, Defendants filed a notice of non-opposition, calling attention to Plaintiff's failure to respond to the motion to dismiss. Over two months later, on March 24, 2025, the Court vacated the motion hearing and took Defendants' motion to dismiss under submission without oral argument. ECF No. 50.

On May 14, 2025, after considering the amended complaint and the merits of Defendants' arguments, the Court granted the motion and dismissed the first amended complaint without leave to amend. The Court entered judgment in favor of Defendants the following day. ECF No. 53. On May 21, 2025, Plaintiff filed this motion for relief under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6).

## II.    DISCUSSION

### A.    Rule 60(b)(1)

Under Rule 60(b)(1), the court may grant relief from a "final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[E]xcusable neglect" includes "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). To determine whether neglect is "excusable," courts apply an equitable test that accounts for "all relevant circumstances surrounding the party's omission." *Id.* at 395. These circumstances include: "(1) the danger of prejudice to the opposing party; (2) the length of

the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). These equitable factors are "not exclusive," but rather "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *Id*. at 1224 (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)).

Plaintiff asserts that the equitable factors under *Pioneer* warrant relief. Plaintiff argues that setting aside the judgment would cause minimal prejudice to Defendant because it "would simply allow [Plaintiff] to present a substantive opposition" to the motion to dismiss. Mot. at 5. Plaintiff also asserts that the Court should grant relief because "leave to amend typically should be permitted 'freely,'" suggesting that Plaintiff should be permitted to amend the complaint a second time to overcome the defects raised in the motion to dismiss. *Id*. (quoting Fed. R. Civ. P. 15(a)(2)). Plaintiff next asserts that, because it filed this motion shortly after the Court entered judgment, any delay was minimal or nonexistent. *Id*. Plaintiff contends that there is no basis to conclude that it or its counsel acted in bad faith. *Id*.

Defendants argue that Plaintiff fails to demonstrate excusable neglect. Defendants claim that granting this motion would create prejudice in the form of the costs of continuing to litigate this case. Opp. at 3-4, 7-8, ECF No. 56 ("Opp."). Defendants also note that the MTD Order has addressed the arguments that Plaintiff wishes to raise in opposition to the motion to dismiss. Opp. at 5-7.

The Court applies the equitable factors under *Pioneer* to Plaintiff's request for relief under Rule 60(b)(1) and finds that Plaintiff fails to establish excusable neglect.

### 1.    Risk of prejudice

Beginning with the first factor, *i.e.*, the danger of prejudice, the Court finds that granting the motion would significantly prejudice Defendants. The Court granted Defendants' motion to dismiss after considering the arguments that were before it, and determining that Plaintiff's allegations did not support plausible claims for breach of contract, breach of the implied covenant, or quantum meruit. *See* MTD Order at 5-9. Plaintiff indicates that, if the Court grants relief, it would continue to make the same arguments in opposition to Defendants' motion that it

previously asserted.  *See* Mot. at 6.  The Court already considered these arguments – and the allegations raised in the amended complaint – and found that Plaintiff cannot state a claim as a matter of law.

Plaintiff emphasizes that the Court should "freely" grant leave to amend the complaint. Mot. at 5.  This argument misses the mark.  The Court "freely" gave Plaintiff leave to amend after granting the first motion to dismiss, and Plaintiff had a second chance to state a claim of *any* type against Alphawave or the Semi Defendants.  The amended complaint still failed to state a claim, thus dismissal without further leave to amend was appropriate.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (holding that failure to correct pleading deficiencies after dismissal is a "strong indication" that further amendment would be futile); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996))).

In its reply brief, Plaintiff asserts for the first time that it is "prepared to amend its pleading" once more to include further allegations that "make plausible the breach of contract claim and the 'good faith and fair dealing' claim."  Reply at 3, ECF No. 57.  It is unclear whether these are new allegations or merely a repackaged version of allegations that Plaintiff already put forth in the amended complaint.  In either case, any of the new allegations that Plaintiff now seeks to add should have been included in the amended complaint.[3]  ECF No. 43.  Plaintiff does not explain the nature of these proposed amendments or their omission from the first amended complaint.

### 2.      Length of delay in seeking relief

Plaintiff did not significantly delay in filing this motion after the Court issued the MTD Order and entered judgment.  Accordingly, delay is not a material factor in denying relief.

---

[3] The amended complaint did not substantively differ from the original one.  The new allegations relate to the same implausible theory that would require the Court to interpret the parties' contract contrary to its plain language.  *See* MTD Order at 6-7.

4

**3.    Reason for failure to oppose the motion to dismiss**

The Court turns to the third factor, *i.e.*, the reason for Plaintiff's failure to oppose Defendants' motion, and finds that it weighs in favor of denying relief.  Plaintiff submits the declaration of Emil Chang, who explains that Shih-Ya Huang, the attorney who previously handled this case, left the firm on January 9, 2025, seven days after the parties stipulated to extend Plaintiff's response deadline.  Chang Decl. ¶¶ 5-6, ECF No. 54-1.  Mr. Chang was not able to fill Ms. Huang's position, and "had to carry the workload for two attorneys."  *Id*. ¶ 8.  The resulting stress caused him to become ill, and he missed the January 16, 2025 deadline to file the opposition.  *Id*.  Mr. Chang claims that he did not realize his omission until May 14, 2025, when he received the notification that the Court had granted the motion and entered judgment for Defendants.  *Id*. ¶ 7.

Although the Court sympathizes with Mr. Chang's plight, it "give[s] little weight to the fact that counsel was experiencing upheaval in his law practice" at the time the parties' stipulated opposition date came and went.  *Pioneer*, 507 U.S. at 398.  Plaintiff relies heavily on *Bateman* to demonstrate that counsel's failure to oppose the motion was excusable.  Mot. at 5.  In *Bateman*, the district court granted the defendant's summary judgment motion after the plaintiff failed to oppose, and denied the plaintiff's motion for relief under Rule 60(b)(1).  231 F.3d at 1222.  The Ninth Circuit held that the district court abused its discretion by failing to consider the *Pioneer* factors.  *Id*. at 1224.  The Ninth Circuit concluded that plaintiff was entitled to Rule 60(b)(1) relief, as (1) prejudice to the defendant was "minimal" because it "would have lost a quick victory," and at most may have had to reschedule the trial date; (2) the delay was minimal; and (3) the reason for the delay was "weak," but there was "no evidence that [counsel] acted with anything less than good faith."  *Id*. at 1225.

The Court finds *Bateman* distinguishable in a few key respects.  In *Bateman*, the defendant filed a motion for summary judgment earlier than the parties previously anticipated.  231 F.3d at 1222-23.  The plaintiff's counsel did not receive timely notice of the motion because he was out of the office, traveling to Nigeria due to a family emergency.  231 F.3d at 1222-23.  Shortly after returning to the United States, and less than one month after the missed opposition deadline, the

plaintiff's counsel contacted the court to explain the delay. *Id.* at 1223. Here, Plaintiff had notice of Defendants' motion to dismiss, and Plaintiff's counsel obtained an extension of time to file the opposition before Ms. Huang's departure or Mr. Chang's illness. *See* ECF No. 47. Moreover, after the deadline to oppose the motion passed, Defendants filed a statement of non-opposition, calling attention to Plaintiff's failure to respond to the motion to dismiss. ECF No. 49. The Court took the motion under submission two months later, which provided additional notice. ECF No. 50. Nearly another two months passed before the Court granted the motion to dismiss on May 14, 2025. ECF No. 52. Despite multiple notices, Plaintiff failed to contact the Court at any time over the four-month period to request a further extension. Requesting a further time extension from the Court or Defendants was well "within the reasonable control" of Mr. Chang, and Plaintiff does not assert otherwise.[4] *Pioneer*, 507 U.S. at 395 (Among equitable factors courts consider in determining excusable neglect is whether the delay "was within the reasonable control of the movant."). For the reasons discussed above, Plaintiff does not demonstrate excusable neglect.

### 4.    Good faith

The fourth factor is whether Plaintiff acted in good faith. *Bateman*, 231 F.3d at 1224. There is no evidence in the record that Plaintiff acted in bad faith. Accordingly, this factor supports Plaintiff's request for relief.

\*\*\*

Having considered the circumstances surrounding Plaintiff's failure to oppose the motion to dismiss and applying the equitable factors outlined in *Pioneer*, the Court finds that the circumstances do not support granting the requested relief. Accordingly, the motion is denied.

### B.    Rule 60(b)(6)

Plaintiff also requests relief pursuant to the catch-all language in Rule 60(b)(6). *See* Mot. at 3. Under Rule 60(b)(6), the Court may set aside a final judgment or order where "any other reason . . . justifies relief." Granting relief under subsection (6) is appropriate only if a party

---

[4] Nor, as discussed above, does Plaintiff explain why counsel failed to include any new material allegations in the amended complaint filed on December 5, 2024, well before Ms. Huang's departure or Mr. Chang's illness. This omission was also within the reasonable control of Plaintiff's counsel at the time. *Id.*

United States District Court
Northern District of California

shows "'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer*, 507 U.S. at 393. Plaintiff does not meaningfully address this issue or identify any extraordinary circumstances that would justify relief on this basis. Accordingly, the Court also denies the motion to the extent it seeks relief under Rule 60(b)(6).

### C.    Subject Matter Jurisdiction

Finally, Plaintiff argues in passing that the complaint should not have been dismissed due to a "remaining jurisdictional issue of a lack of diversity compelling a remand of this action to state court *before* deciding any dismissal on the merits." Mot. at 5-6. Plaintiff is referring to an argument previously raised in its motion to remand, which contended that the Semi Defendants destroy diversity of citizenship. Mot. to Remand at 5-8, ECF No. 21. Defendants opposed remand, arguing that the Semi Defendants do not destroy diversity because they were fraudulently joined. ECF No. 30. On November 7, 2024, the Court held a hearing on Plaintiff's motion to remand and Defendants' motion to dismiss the original complaint. ECF No. 41. The Court denied Plaintiff's motion to remand without prejudice because it could not determine from the face of the complaint whether the Semi Defendants were fraudulently joined. ECF No. 42. Although Plaintiff never renewed its motion to remand, the Court has an independent obligation to determine whether subject matter jurisdiction exists. *Doe I v. Cerebral, Inc.*, 687 F. Supp. 3d 892, 897 (N.D. Cal. 2023). Thus, the Court takes this opportunity to clarify its jurisdictional findings.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When an action is originally filed in state court, "[a] defendant may remove [it] to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). Removal based on diversity jurisdiction "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). However, the court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). In the Ninth Circuit, there are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts,

or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 548 (quoting *Hunter*, 582 F.3d at 1044).

Under the second approach to establishing fraudulent joinder, the defendant must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also McCabe v. Gen. Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that a plaintiff's failure to state a claim must be "obvious according to the settled rules of the state"). "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent.  A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Grancare*, 889 F.3d at 549.  If the plaintiff fails to plausibly state a claim, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550.

In dismissing Plaintiff's claims without leave to amend, the Court necessarily concluded that the Semi Defendants were fraudulently joined.  The only claim asserted against the Semi Defendants seeks recovery in quantum meruit, which "rests upon the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice." *Hedging Concepts, Inc. v. First All. Mortg. Co*., 41 Cal. App. 4th 1410, 1419 (1996).  But "it is well settled that there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation." *Id*.; *see also O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2013 WL 6354534, at *13 (N.D. Cal. Dec. 5, 2013).  Here, Plaintiff's quantum meruit claim seeks recovery for the same work covered by the Agreement, and the Agreement was the "complete and exclusive agreement" governing the parties' relationship.  FAC Ex. A § 12.8.  The Court previously granted Plaintiff leave to amend to address these issues, but Plaintiff failed to allege any additional facts in their first amended complaint to avoid dismissal. The Court concluded that the quantum meruit claim could not possibly be cured by further amendment.  MTD Order at 9.  Because the Court found that the sole claim asserted against the Semi Defendants failed as a matter of law, and the claim could not "possibly be cured" by further amendment, the Court necessarily concluded that the Semi Defendants were fraudulently joined. *Grancare*, 889 F.3d at 549-50.

8

United States District Court
Northern District of California

Although the Court properly exercised jurisdiction when it granted the motion to dismiss, the judgment must be amended in light of the Court's implicit ruling that the Semi Defendants were fraudulently joined. "Analytically, a fraudulent joinder finding compels dismissal of the 'sham defendants.'" *Isaacs v. Broido*, 358 F. App'x 874, 876 (9th Cir. 2009). Upon resolution of the jurisdictional issues discussed above, the Court should have "dismissed the fraudulently joined defendants on its own motion" before closing the case. *Id*. at 876-77; *see also French Laundry Partners, LP v. Hartford Fire Ins. Co.*, No. 20-cv-04540-JSC, 2020 WL 5429033, at *3 (N.D. Cal. Sep. 10, 2020). Because the Semi Defendants were not properly before the Court, the Court had no jurisdictional basis to render a judgment against them. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019) (explaining that "judgments are deemed void only where the assertion of jurisdiction is truly unsupported"). Therefore, the Court will dismiss the Semi Defendants from this case without leave to amend, but without prejudice, for lack of subject matter jurisdiction.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief is GRANTED in limited part. The Semi Defendants are dismissed from this action without leave to amend, but without prejudice, for lack of subject matter jurisdiction. In all other respects, the motion is DENIED. The complaint remains dismissed with prejudice as to Plaintiff's claims against Alphawave IP. An amended judgment will issue.

**IT IS SO ORDERED.**

Dated: March 20, 2026

Eumi K. Lee
United States District Judge